IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH A. BROWN,<br>  Plaintiff,<br><br>v.<br><br>MATT EDINGER, UNITED STATES OF AMERICA and USP LEWISBURG,<br>  Defendant. | CIVIL ACTION NO.: 1:14-cv-01133<br><br>Judge Rambo<br>Magistrate Judge Saporito<br><br>FILED<br>WILKES BARRE<br>JUN 0 4 2015<br>Per ___ms___ |

MEMORANDUM

I. <u>Background and Procedural History</u>:

On June 13, 2014, the plaintiff, Joseph A. Brown ("Brown"), then an inmate at the United States Penitentiary at Lewisburg ("USP Lewisburg"), filed a complaint against the defendants.[1] (Doc. 1). Brown alleges that defendant, Matt Edinger ("Edinger"), a correctional counselor at USP Lewisburg, retaliated against him from his right to access the courts. (Doc. 1, IV. 1). Further, he alleged that Edinger "used systemic[2] retaliation during the month of July, 2012" after Brown requested that he

---

[1] Brown is an inmate at USP-Lee in Jonesville, VA. (Doc. 43).

[2] He later refers to the retaliation as "systematic." (Doc. 1, page 8).

and his cell mate be transferred to different cells due to incompatibility. *(Id.)* Brown also alleged a negligence claim under the Federal Tort Claims Act (FTCA) related to the same allegations of retaliation. *(Id.)*

On October 6, 2014, the defendants filed a motion to dismiss and/or summary judgment. (Doc. 17).[3] On December 1, 2014, Brown filed a motion to amend complaint (Doc. 29) seeking to add "Officer Beavers" as a defendant. On December 29, 2014, Brown filed a motion to clarify (Doc. 39) seeking to clarify his statements made in his opposition brief (Doc. 26) to defendants' motion to dismiss and motion for summary judgment (Doc. 17). On the same date, Brown filed a motion to supplement (Doc. 40) his opposition brief (Doc. 26). On January 28, 2015, Brown filed a motion to add and amend (Doc. 41) relating to our consideration of case law on the motion to amend complaint (Doc. 29). Finally, on April 2, 2015, Brown filed another motion to add and amend (Doc. 44) relating to our consideration of case law on the motion to amend complaint (Doc. 29). It appears that the defendants do not contest Brown's motions set out in Docs. 39, 40, 41, and 44 as no opposition briefs have been filed. We will

---

[3] We will resolve this motion separately by report and recommendation.

deem those motions unopposed under L.R. 7.6[4] and construe them as supplements to Brown's briefs.

We are left with Brown's contested motion to amend complaint (Doc. 29). For the reasons set forth below, we shall deny the motion.

The applicable limitation period in this case, a *Bivens* action, is Pennsylvania's two-year statute of limitations for personal injury claims. *See Brown v. Tollackson*, 314 Fed. App'x 407, 408 (3d Cir. 2008) (per Curiam); *Millbrook v. United States*, 8 F. Supp. 3d 601, 610 (M.D. Pa. 2014); *see also* 42 Pa. C.S.A. §5524. Brown filed his original complaint on June 13, 2014. The incident which forms the basis for Brown's complaint allegedly occurred on July 28, 2012. Brown signed and dated the instant motion to amend his complaint to add Officer Beavers as a defendant to this action on November 24, 2014, almost four months after the statute of limitations expired. At the time Brown filed the motion to amend he was a federal prisoner, incarcerated at USP Lewisburg. As such, his motion is deemed to have been filed upon presentation to prison authorities for mailing, rather than its receipt by the court. See Houston v. Lack, 487

---

[4] L.R. 7.6 states that "any party who fails to comply with this rule shall be deemed not to oppose such motion."

3

U.S. 266, 270-71 (1988) (articulating the "prison mailbox rule"). Brown's motion to amend identifies Officer Beavers as a new defendant by name and details some of the factual allegations Brown wishes to add to his complaint. Brown failed to attach a complete copy of the proposed amended complaint to these motions, as required by the local civil rules. See, L.R. 15.1(a); [5] See also Fletcher v. Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) ("[F]ailure to submit a draft amended complaint is fatal to a request for leave to amend."); Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000) ("[F]ailure to provide a draft amended complaint [is] an adequate basis on which the court could deny plaintiff's request.").

Nevertheless, upon review of the submission papers and after review of the record and applicable case law, we will proceed to address the motion to amend on the merits. Brown argues that this proposed amendment does not violate the statute of limitations because the

---

[5] In relevant part, Local Rule 15.1(a) provides that: "When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed on paper as a separate document or, in the Electronic Filing System, as an attachment to the motion."

4

amendment would relate back to the original timely filed complaint under Fed. R. Civ. P 15(c). Rule 15(c) provides:

> (c) **Relation Back of Amendments.**
>
> > (1) **When Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
> >
> > > (A) the law that provides the applicable statute of limitations allows relation back;
> > >
> > > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> > >
> > > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > >
> > > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > > >
> > > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

The issue in the case is whether Brown can use Rule 15(c) to have his proposed amended complaint, adding Beavers as a defendant, relate back to his original complaint.[6] Thus, the dispute herein lies in whether the proposed amendment of Brown's complaint related back to June 13, 2014, the date the original complaint was filed. Courts interpret Rule 15(c) as imposing three conditions, all of which must be met for a successful relation back of an amended complaint that seeks to add a newly named defendant. Singletary v. Pennsylvania Department of Corrections, 266 F.3d 186 (3d Cir. 2001). For a court to grant an amendment adding a defendant that relates back to the original complaint, the party seeking to amend must meet all of the following requirements: (1) The claim or defense asserted by amendment must arise out of the conduct, transaction, or occurrence set out in the original

---

[6] As noted above, Brown failed to attach his proposed amended complaint to his motion pursuant to L.R. 15.1(a). However, a federal court is obligated to liberally construe the filings of *pro se* litigants, especially those who are incarcerated. See generally, Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-46 (3d Cir. 2013). Accordingly, this court construes this motion as an amended complaint as it pertains to proposed defendant Beavers and for purposes of resolving this motion.

6

pleading; (2) the new party named in the amended pleading must have received such notice of the action that it will not be prejudiced; (3) the new party either knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity; and (4) the notice and knowledge factors must be satisfied within the 120-day period provided for service of the original complaint. Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003).

The claim set forth in the motion to amend arose out of the conduct set forth in complaint which satisfies the first prong of the criteria. The record is devoid of evidence suggesting that Beavers had actual or imputed notice of the lawsuit during the pertinent period. Moreover, a review of the record reflects that Brown was aware of Beaver's involvement through the Incident Report made the date of the incident. (Doc. 28-9). Brown makes no reference of the Incident Report in his submissions. A review of the Incident Report (Doc. 28-9) reflects that it was delivered to Brown by S. Hicks, a staff member, on July 28, 2012 (the day of the incident) at 1425 hours—20 minutes after the report was made to Officer Beavers (Id. at 1-2). In addition, the DHO Report reveals that Mr. Berkoski, a staff representative, appeared on behalf of Brown during

the DHO hearing held on August 21, 2012. (Id.). The Report reflects that Berkoski stated that Brown made no specific requests of him as a staff representative in this case. (Doc. 28-9, at 2). Further, in the "summary of the inmate statement," Brown stated he made no specific requests of his staff representative, presented no documents for the DHO to consider, and he was not disputing the accuracy of section 11(description of incident) contained in the Incident Report. Further, Brown made no complaint of procedural errors during the hearing. Id. Finally, the DHO Report was delivered to Brown on October 29, 2012. Id.

The third element of Rule 15(c)(1) requires a plaintiff to show that within 120 days of filing the original complaint, the newly added defendant knew or should have known that the present action would have been brought against him but for a mistake regarding his identity. Here, the defendants argue that Brown's motion to amend should be denied because he was aware of the involvement of Beavers as of the date of the incident as evidenced by receipt of the Incident Report listing Beavers as the reporting officer. (Doc. 37, at 2). Moreover, our review of the record reflects that Brown makes no mention that his failure to name Beavers as a defendant in his original complaint was as a result of a mistake. In

addition, Brown makes no argument whether Beavers knew or why he should have known that he would be named as a party. Rather, Brown maintains that he became aware of the involvement of Beavers upon the filing of the defendants' motion to dismiss. See, (Doc. 29, at 1). In the Statement of Material Facts filed by the defendants, Beavers[7] is mentioned in paragraph 20 and referenced in attachment "C." (Docs. 19 at 5 and 19-1, at 24). These documents were filed on October 20, 2014.

Even if we were to interpret Brown's motion to amend that he lacked the knowledge of the involvement of Beavers until the defendants filed their Statement of Material Facts, a review of the record reflects that he was aware of Beavers' involvement as evidenced by his receipt of the Incident Report.

In Garvin, the Third Circuit states, "of course, an amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at that time." Garvin, 354 F.3d at 221-22. We find that based upon the state of the record, Brown knew of

---

[7] Both the Statement and Incident Report names Beavers as "Beaver."

Beavers' involvement in the incident the day the incident occurred. Thus, Brown's motion does not meet the criteria articulated in Rule 15(c). The addition of Brown as a defendant is time-barred by the statute of limitations and thus, we are constrained to deny his motion to amend complaint.

An appropriate order will follow.

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: June 4, 2015