IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH A. BROWN, | : | CIVIL ACTION NO.: 1:14-cv-01133 |
| Plaintiff, | : | |
| | : | Judge Rambo |
| v. | : | Magistrate Judge Saporito |
| | : | |
| MATT EDINGER, et al., | : | |
| Defendants | : | |

REPORT AND RECOMMENDATION

This is a *pro se* combination <u>Bivens</u>[1] and Federal Tort Claims Act (FTCA) claim related to an occurrence on July 28, 2012, while the plaintiff, Joseph A. Brown, was an inmate at USP-Lewisburg. (Doc. 1). This matter is before the court on the defendants' motion to dismiss and/or for summary judgment (Doc. 17).[2]  For the reasons set forth below, it is recommended that the motions to correct and clarify (Doc. 48) and to amend and add supplemental brief (Doc. 50) be construed as supplemental briefs and that they be granted.  It is further recommended that the

---

[1] <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

[2] The plaintiff has filed motions to correct and clarify his supplemental brief (Doc. 48) and to amend and add to his supplemental brief (Doc. 50).

motion to dismiss and/or for summary judgment (Doc. 17) be denied without prejudice.

## I.   Background and Procedural History:

On June 13, 2014, the plaintiff,  then an inmate at the United States Penitentiary at Lewisburg ("USP Lewisburg"), filed a complaint against the defendants.[3]   (Doc. 1).   He alleges that defendant, Matt Edinger ("Edinger"), a correctional counselor at USP Lewisburg, retaliated against him for exercising his right to access the courts. (Doc. 1, IV. 1).   Further, he alleged that Edinger "used systemic[4] retaliation during the month of July, 2012" after the plaintiff requested that he and his cellmate be transferred to different cells due to incompatibility. (Id.).   He also alleged a negligence claim under the FTCA related to the same allegations of retaliation. (Id.).

On October 6, 2014, the defendants filed a motion to dismiss and/or for summary judgment. (Doc. 17).   On December 1, 2014, the plaintiff filed a motion to amend the complaint (Doc. 29), seeking to add "Officer

---

[3]  Brown is an inmate at FCI McDowell in Welch, WV. (Doc. 43).

[4]  He later refers to the retaliation as "systematic." (Doc. 1, page 8).

Beavers" as a defendant, which we denied by order dated June 4, 2015.
(Doc. 47).  On December 29, 2014, Brown filed a motion to clarify (Doc. 39)
seeking to clarify his statements made in his opposition brief (Doc. 26) to
defendants' motion to dismiss and motion for summary judgment (Doc.
17).  On the same date, Brown filed a motion to supplement (Doc. 40) his
opposition brief (Doc. 26).  On January 28, 2015, Brown filed a motion to
add and amend (Doc. 41) relating to our consideration of case law on the
motion to amend complaint (Doc. 29).   Finally, on April 2, 2015, Brown
filed another motion to add and amend (Doc. 44) relating to our
consideration of case law on the motion to amend complaint (Doc. 29).  We
granted Brown's uncontested motions set out in Docs. 39, 40, 41, and 44
as no opposition briefs were filed and we construed them as supplements
to Brown's briefs.  (Doc. 47).  We are left with the defendants' contested
motion to dismiss and/or for summary judgment. (Doc. 17).

Essentially, the plaintiff has alleged that after he was tried and
exonerated of a staff assault in 2011, defendant Edinger systematically
retaliated against him during the month of July 2012. (Doc. 1, at 2).  In
addition, he averred that he and his cellmate made several requests to be
transferred to different cells because they were incompatible. (Doc. 1 at 2-

3

3).   He claimed that defendant Edinger instigated the incident that occurred on July 28, 2012, where the plaintiff was stabbed in the back with a weapon. (Id.)   He further alleged that Edinger's motive was deliberate and he refused to alleviate a hostile environment. (Id.). Further, the plaintiff claims that the defendants, acting within the course of their employment, were negligent by failing to exercise reasonable care in order to control the conduct of third persons so as to prevent them from hurting others.   Id.   He alleged an injury, i.e. a stab to his back by a weapon.   The motion has been briefed and is ripe for a decision.

II.    Standard of Review.

(1)    Motion to Dismiss: The defendant's motion to dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(6).  This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)

(abrogating "no set of facts" language found in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  The facts alleged must be sufficient to "raise a right to relief above the speculative level." <u>Id.</u> at 555.  This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of necessary elements of the plaintiff's cause of action. <u>Id.</u> at 556.  Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting <u>Twombly</u>, 550 U.S. at 555.

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record.  <u>Sands v. McCormick</u>, 502 F.3d 263 (3d Cir. 2007).  The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."  <u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).  Moreover, "documents whose

contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002).  However, the court may not rely on other parts of the record in determining a motion to dismiss.  *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient.  *See, e.g.,* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).  "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

(2)   Motion for Summary Judgment: Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case.

Anderson v. Liberty Lobby, Inc.*,* 477 U.S. 242, 248 (1986).  A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248.  In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Pastore v. Bell Tel. Co of Pa., 24 F.3d 508, 512 (3d Cir. 1994).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the movant makes such a showing, the non-movant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to the jury." Anderson, 477 U.S. at 251-52.

III.   <u>Discussion</u>

(A)   <u>Failure to Exhaust Administrative Remedies</u>:

The defendants move to dismiss Brown's complaint on the basis that he failed to exhaust his administrative remedies.   In determining the merits of the defendants' motion to dismiss on the basis that Brown failed to exhaust his administrative remedies, we are guided by the following rules.

Prior to initiating an action under §1983 or any other federal law, a prisoner-plaintiff is required to exhaust the administrative remedies available to him.  The Prison Litigation Reform Act (PLRA) provides, in pertinent part, as follows:

> No action shall be brought with respect to prison conditions under Section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997(e)(a).

The Supreme Court has made clear that prisoners must exhaust administrative remedies as to any claim that arises in the prison setting regardless of any limitation on the kind of relief that may be gained

through a grievance process.  See Porter v. Nussle, 534 U.S. 516, 532 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong").  The Third Circuit has held that "it is beyond the power of this court. . . to excuse compliance with the exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000).

The "failure to exhaust" requirement imposed by the PLRA is an affirmative defense that must be pleaded by defendants in a civil rights action. Jones v. Bock, 549 U.S. 199 at 216 (2007).  The plaintiff-prisoner need not allege that he has exhausted his administrative remedies. Id. Rather, the burden falls on the defendants to raise the defense of exhaustion.  If the court finds that administrative remedies have not been exhausted, then the court must dismiss the action.  Id.  As a general proposition, *sua sponte* dismissal is inappropriate unless the basis is apparent from the face of the complaint.  Ray v. Kertes, 285 F.3d 287, 297 (2002); McPherson v. United States, 392 Fed. App'x 938, 943 (3d Cir. 2010).

It is undisputed that on July 28, 2012, at approximately 1:38 p.m.

the plaintiff and his cellmate, Renard Brown, were involved in an altercation. (Doc. 19-1, at 31-32) where blows to the head and torso were exchanged. The plaintiff maintained that he was defending himself. (Id.). The DHO found that the plaintiff committed the prohibited act of fighting. (Id.). The plaintiff was advised of his right to appeal the DHO action within twenty days of his receipt of the DHO report. (Id. at 32). The record indicates that the plaintiff received the DHO report on October 29, 2012. (Id. at 44).

The Bureau of Prisons ("BOP") has established an administrative remedy procedure concerning inmate complaints. See, 28 C.F.R. 542.10, et seq. Despite the defendants' contention that the plaintiff failed to exhaust his administrative remedies pursuant to BOP procedure, the plaintiff maintains that the grievance process was not made available to the plaintiff  because of the retaliatory conduct of defendant Edinger. (Doc. 25 ¶¶ 15-20). A prisoner need not exhaust every administrative remedy, only those administrative remedies which are available to him. Camp v. Brennan, 219 F.3d 278, 281 (3d Cir. 2000). In this context, "available" means "capable of use." Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002), and the availability of the administrative remedy process is a

question of law.    Ray, 285 F.3d at 291. Interference with an inmate's

attempts at exhaustion impact the availability of the administrative

remedy process.  Brown, 312 F.3d at 111; Camp, 219 F.3d at 281.  "A

grievance procedure is not available even if one exists on paper if the

defendant prison officials somehow prevent a prisoner from using it."

Mitchell v. Horn, 218 F.3d 523, 529 (3d Cir. 2003) (administrative

remedies process not available to inmate where prison staff refused to

provide him with necessary forms).  Thus, on the state of the record before

us, we find that there is a genuine issue of material fact whether the

plaintiff exhausted his administrative remedies which requires that we

recommend that the motions be denied on this basis.

    (B)   <u>Failure to State a Claim for Retaliation</u>

       The defendants contend that their motions should be granted

because the plaintiff failed to state a claim for retaliation.  In order to

assert a cause of action for retaliation, a prisoner-plaintiff must prove (1)

that the conduct which led to the alleged retaliation was constitutionally

protected, (2) that the prisoner suffered some "adverse action" at the

hands of the prison officials, and (3) that his constitutionally protected

activity was a substantial or motivating factor in the decision to discipline

11

him.  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).  Once a prisoner

proves that his exercise of a constitutional right was a substantial or

motivating factor in the challenged decision, the burden then shifts to the

defendant to prove by a preponderance of the evidence that it would have

taken the disciplinary action even in the absence of the protected activity.

Id.

In his complaint, the plaintiff alleged that Edinger retaliated against

him for exercising this right of access to the courts. (Doc. 1, IV. 1).  In

addition, he averred that Edinger systematically retaliated against him

during the month of July 2012 after the plaintiff requested that he be

separated from his cellmate due to incompatibility. (Id.).

*Pro se* pleadings, like the plaintiffs, are held to less stringent

standards than formal pleadings drafted by lawyers.  Haines v. Kerner,

404 U.S. 519, 520 (1972).  In interpreting the pleadings of *pro se* litigants,

the Third Circuit has held that courts "have a special obligation to

construe [the] complaint liberally."  Higgs v. Attorney Gen., 655 F.3d 333,

339 (3d Cir. 2011).  As we are required to liberally construe the pleadings

of the plaintiff, a *pro se* litigant, we find that he adequately pled a claim

12

of retaliation.

We must view the evidence and all justifiable inferences to be drawn therefrom in the light most favorable to the plaintiff, as the non-moving party. The plaintiff has produced sufficient evidence from which a reasonable jury could conclude that Edinger, a prison official, penalized him for exercising his right to access the courts and thereby deprived the plaintiff of his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from inmate violence.   In his statement of undisputed facts (Doc. 25), the plaintiff asserts that after being charged, tried, and exonerated in 2011 involving an incident with a staff officer, he has been the subject of retaliatory actions in every federal facility and in particular by Edinger while an inmate at USP Lewisburg.  After asking to be separated from his cellmate, the plaintiff asserts that Edinger refused which eventually resulted in a physical confrontation between the plaintiff and his cellmate causing the plaintiff's injuries.  He further claims that Edinger refused to provide him with the necessary forms to file a grievance pursuant to BOP requirements thereby depriving him of his First Amendment right (Doc. 25, ¶18).

In the defendants' statement of material facts (Doc. 19), it is

asserted that Edinger simply does not recall either the plaintiff requesting a new cellmate during July 2012 or the plaintiff having issues with his cellmate. (Id. ¶¶ 25-26). Thus, based upon this analysis, we recommend that the defendants' motion for summary judgment on the basis that the plaintiff has failed to assert a claim of retaliation be denied.

(C)   Qualified Immunity

The defendants maintain that their motions should be granted as Edinger is entitled to qualified immunity. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. Al-Kidd, 131 S. Ct. 2074, 2080 (2011) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).   For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). To meet this test, generally "there must be sufficient precedent at the time of [the defendant's] action, factually similar to the plaintiff's allegations, to put [the] defendant on notice that his or her conduct is

constitutionally prohibited." McLaughlin v. Watson, 271 F.3d 566, 572 (3d Cir. 2001). Thus, to overcome the assertion of qualified immunity at the motion to dismiss stage, a plaintiff must sufficiently plead not only a violation of a constitutional or statutory right, but also a violation of a clearly established one. Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012).

Still, not "every injury suffered by one prisoner at the hands of another. . . translates into constitutional liability for prison officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show that: (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the official was deliberately indifferent to that substantial risk to his health and safety; and (3) the official's deliberate indifference caused him harm. Id. at 834; Hamilton v. Leavy, 117 F.3d 742, 746 (3d. Cir. 1997). "Deliberate indifference" in this context is a subjective standard: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d. Cir. 2001). It is not sufficient that the official should have known of the risk. Id. A plaintiff can,

however, prove an official's actual knowledge of a substantial risk to his safety "in the usual ways, including inference from circumstantial evidence." Farmer, 511 U.S. at 842.  In other words, "a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id.

In deciding this issue, we must define the right at issue at the appropriate level of specificity.  Sharp v. Johnson, 669 F.3d 144, 159 (3d Cir. 2012).  The plaintiff defines the rights at issue in general terms, i.e. that he was denied his First Amendment right of freedom of speech by Edinger's intentional failure to provide him with grievance forms, his Fifth Amendment right to due process and his Eight Amendment right against cruel and unusual punishment. (Doc. 26, at 11).  As stated above, we must liberally construe the pleadings of *pro se* litigants.  Haines, 404 U.S. at 520.  A properly tailored definition of the right at issue here is whether the failure to protect the plaintiff from inmate violence by failing to separate the plaintiff from his allegedly incompatible cellmate which eventually resulted in injuries to the plaintiff violates the plaintiff's Eighth Amendment right against cruel and unusual punishment.

"Being violently assaulted in prison is simply not part of the penalty

that criminal offenders pay for their offenses against society." <u>Farmer</u>, 511 U.S. 834(quotation marks omitted).  As such, the Eighth Amendment's Cruel and Unusual Punishment Clause imposes on prison officials "a duty to protect prisoners from violence at the hands of other prisoners." <u>Id.</u> at 833 (ellipses omitted); <u>see also</u> <u>Beers-Capitol</u>, 256 F.3d at 130–33; <u>Hamilton</u>, 117 F.3d at 746.  We find that the right to be free from inmate violence was clearly established at the time of the challenged conduct.

Liberally construing the plaintiff's pleadings and filed documents and accepting the facts pled as true, as we must, we find that, at this stage of the proceedings, the plaintiff adequately pled enough facts to establish that Edinger violated his clearly established constitutional right to be free from inmate violence thereby depriving Edinger of the defense of qualified immunity.  Further, the plaintiff pled facts that can be construed that Edinger knew the plaintiff was housed with an inmate with violent tendencies.  Second, the pleadings demonstrate that the plaintiff requested on more than one occasion to be separated from his cellmate because of incompatibility.  Edinger's refusal to separate the plaintiff from his cellmate can be considered deliberately indifferent to the plaintiff's health and safety.  Finally, the plaintiff has alleged that

Edinger's deliberate indifference caused him harm.  We are mindful of the Third Circuit's observation that "[w]hen inmates claim they are in danger, they confront prison officials with an 'arduous task'"as "[p]risoners may feign their fear of physical harm simply to manipulate a transfer." Id. 696 F.3d at 369.  Thus, we recommend that the defendants' motions be denied without prejudice so that upon completion of discovery, if the circumstances warrant it, the defendants be permitted to file a new motion for summary judgment.

    (D)   FTCA:

       Finally, the defendants contend that the plaintiff's FTCA count should be dismissed.  The FTCA renders the United States answerable in damages for the simple negligence of its employees in failing to protect federal prisoners.  United States v. Muniz, 374 U.S. 150 (1963); Turner v. Miller, 679 F.Supp. 441, 443 (M.D. Pa. 1987). The defendants correctly point out that when considering a FTCA claim, a federal district court must apply the law of the state in which the alleged tortious act occurred. 28 U.S.C. § 1346(6); Turner, 679 F. Supp. at 443. Nevertheless, in cases involving injury to federal prisoners, the government's duty of care is governed by federal statute which provides that the BOP "shall . . .

18

provide for the protection . . . of all persons charged with or convicted of offenses against the United States" 18 U.S.C. § 4042(a)(3).  Although the government is not an insurer of the safety of a prisoner, <u>Jones v. United States</u>, 534 F.2d 53, 54 (5th Cir. 1976), it must exercise ordinary diligence to keep prisoners safe from harm.  Under the present state of the record, the plaintiff has adequately set out a claim of negligence.  He has alleged the defendants' duty to protect inmates, a breach of the duty, a causal relationship, and injuries.  Thus, we recommend that the defendants' motion be denied without prejudice.

IV.   <u>Recommendation</u>:

Based upon the foregoing, it is respectfully recommended that:

(1)   The plaintiff's motions to correct and clarify (Doc. 48) and to amend and add supplemental brief (Doc. 50) be construed as supplemental briefs and that they be GRANTED; and

(2)   The defendants' motion to dismiss and/or for summary judgment (Doc. 17) be DENIED without prejudice.

*s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**U.S. Magistrate Judge**

**Dated: January 7, 2016**

19

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH A. BROWN, | : | CIVIL ACTION NO.: 1:14-cv-01133 |
| Plaintiff, | : | |
| | : | Judge Rambo |
| v. | : | Magistrate Judge Saporito |
| | : | |
| MATT EDINGER, UNITED | : | |
| STATES OF AMERICA and | : | |
| USP LEWISBURG, | : | |
| Defendant. | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the

foregoing Report and Recommendation dated January 7, 2016.

Any party may obtain a review of the Report and Recommendation

pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed
> findings, recommendations or report addressing a motion or
> matter described in 28 U.S.C. § 636 (b)(1)(B) or making a
> recommendation for the disposition of a prisoner case or a
> habeas corpus petition within fourteen (14) days after being
> served with a copy thereof. Such party shall file with the
> clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify
> the portions of the proposed findings, recommendations or
> report to which objection is made and the basis for such
> objections. The briefing requirements set forth in Local Rule
> 72.2 shall apply. A judge shall make a *de novo* determination

of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge or recommendations made by the magistrate judge. The judge, however need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and

Recommendation may constitute a waiver of any appellate rights.

*s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate

Judge

Dated:   January 7, 2016

2

3