IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH A. BROWN, | : |
|         Plaintiff | : Civ. No. 1:14-cv-1133 |
| v. | : |
| MATT EDINGER, et al., | : Magistrate Judge Saporito |
|         Defendants | : Judge Rambo |

# **M E M O R A N D U M**

Before the court is a report and recommendation (Doc. 56) filed by the magistrate judge in which he recommends that Defendants' motion to dismiss and/or for summary judgment (Doc. 17) be denied without prejudice. Defendants have filed objections to the report and recommendation, which go only to the issue of exhaustion of administrative remedies. (Docs. 65 & 66.) Plaintiff Brown has not responded.

For the reasons set forth below, the magistrate judge's report and recommendation will be adopted except regarding the claim filed pursuant to the Federal Tort Claims Act ("FTCA"), which will be dismissed for failure to exhaust administrative remedies.

## I. **Background**

At some point in 2011, Brown was exonerated of a staff assault. After that, Brown alleges that prison staff, and in particular Defendant Edinger, systematically retaliated against him. In particular, Brown requested that he be

given a new cellmate because of incompatibility with his current cellmate. (Doc. 1 at p. 2.) This request was denied, and on July 28, 2012, Brown was stabbed in the back by the cellmate. (*Id.*)

Brown claims that he filed an informal resolution request on November 20, 2012. (Doc. 28-4, Ex. D.) Thereafter he claims that he filed a request with the warden on March 22, 2013. (*Id.*) On April 6, 2012, he claims that he filed an appeal with the regional office. (*Id.*) On each of these filings he requested to be excused from the late filings because prison officials refused to give him the necessary forms to file appeals, and therefore, he had to get the forms from other inmates. (Doc. 25, p. 5 ¶ 19.)

Together with their motion to dismiss and/or for summary judgment, Defendants filed a Declaration of Michael Figgsganter, an employee of the United States Penitentiary in Lewisburg, Pennsylvania. (Doc. 19-1, pp. 3-5 of 68.) Along with his declaration, Figgsganter filed records maintained at the prison, which include an inmate record of grievances, filed pursuant to 28 C.F.R. § 542.13(a), as well as records maintained under the Bureau of Prisons' Program Statement 1320.06, Federal Tort Claims Act. (*Id.* at ¶¶ 11-13.)

Defendants argue that the abstract of the Bureau of Prison's "Administrative Remedy Generalized Retrieval" shows that, between December 1, 2011 and June 14, 2014, Plaintiff filed 31 administrative remedies. (*Id.* at pp. 6-

22.) None of those related to the alleged retaliation in his complaint. Furthermore, those filings belie Brown's allegation that he could not get the appropriate forms for filing grievances or appeals. Defendants claim that, based on the above, Brown has not exhausted his administrative remedies and therefore his claims should be dismissed.

## II.     Discussion

The defendants have accused Brown of lying in his various submissions to the court. (*See* Doc. 36, p. 11; Doc. 66, p. 3.) This begs the issue of credibility in this case which is not for this court to decide.

Much of the credibility will be focused on documents filed under Doc. No. 28-4, Exhibit D. Were these actually filed? When were they prepared? If filed, why were they not documented by the Bureau of Prisons? Did Brown not have access to administrative remedies forms?

As to the retaliation claim, the undersigned will accept the magistrate judge's report and recommendation and deny Defendants' motion to dismiss and/or for summary judgment on this issue.

As to the FTCA action, however, this court finds that Brown has failed to properly exhaust his administrative remedies. The FTCA provides that

> [a]n action shall not be instituted upon a claim against the United States for monetary damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting with the scope of his office or

>employment, unless the claimant shall have first presented the claim to the appropriate Federal Agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  This section also requires a claimant to allow the government agency a minimum of six (6) months to consider the administrative claim before suit can be filed in district court.  (*Id.*)

Brown claims that he filed a claim under the FTCA on May 15, 2014. (Doc. 28-6, Ex. F.)[1]  Brown filed suit in this court on June 14, 2014 – one month after he allegedly filed his FTCA claim.  He has thus not exhausted his claim for negligence, and therefore, the claim will be dismissed.

An appropriate order will follow.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: February 24, 2016

---

[1] The declaration of Michael Figgsganter provides that no such document was filed with the Bureau of Prisons.  (Doc. 19-1, Attachment B.)