IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH A. BROWN, | : |
| | : Civ. No. 1:14-CV-1133 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MATT EDINGER, USP LEWISBURG, and | : |
| the UNITED STATES OF AMERICA | : |
| | : Judge Sylvia H. Rambo |
| Defendants. | : |

# **M E M O R A N D U M**

In this *Bivens* action, Plaintiff Joseph Brown ("Plaintiff") brings a retaliation claim against Defendant Matt Edinger ("Edinger") for refusing to transfer Plaintiff's incompatible cellmate who later stabbed him. Presently before the court are Plaintiff's motion to file objections to his deposition, motion to add a supplemental brief to his motion for a protective order, motion for reconsideration of his motion for summary judgment, and Edinger's motion for sanctions. Upon consideration of the motions, and for the reasons discussed herein, the court will deny Plaintiff's motions and will grant Edinger's motion for sanctions.

## I.     **Background and Procedural History**

On June 13, 2014, Plaintiff filed a complaint against, *inter alia*, Edinger, a correctional counselor at USP Lewisburg, alleging that Edinger retaliated against him for exercising his right to access the courts. (Doc. 1, IV.)  Plaintiff claimed

that Edinger "used systemic retaliation during the month of July, 2012" after Plaintiff requested that he and his cellmate be transferred to different cells due to incompatibility. (*Id.*) On July 28, 2012, after the prison denied his request, his then-cellmate stabbed him.[1] (*Id.*) Plaintiff further alleges that he filed an informal resolution request with the prison on November 20, 2012, detailing his grievances against Edinger. (Doc. 28-4, p. 1.) In addition, he filed a request with the warden of USP Lewisburg on March 22, 2013 (*Id.* at p. 2), and an appeal with the regional office on April 6, 2012 (*Id.* at p. 3). On the latter two forms, Plaintiff requested to be excused from their late filing because prison officials refused to give him the necessary paperwork to file the appeals, and therefore, he had to acquire the forms from other inmates. (Doc. 25, ¶ 19.)

On October 6, 2014, Defendants filed a motion to dismiss Plaintiff's complaint and/or a motion for summary judgment. (Doc. 17.) On January 7, 2016, the magistrate judge filed a report and recommendation wherein he recommended that the motion be denied. (Doc. 56.) In response, Defendants filed objections to the report and recommendation solely on the issue of exhaustion of administrative remedies. (Docs. 65 & 66.) On February 24, 2016, the court adopted the report and recommendation in part and denied it in part. (Doc. 68.) As to the retaliation claim,

---

[1] Plaintiff also alleged a negligence claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, based on the same allegations of retaliation against Edinger, USP Lewisburg, and the United States (collectively, "Defendants"). (*Id.*)

the court adopted the report's reasoning, which found that Plaintiff produced sufficient evidence from which a reasonable jury could conclude that Edinger deprived Plaintiff of access to the courts. The court, however, found that Plaintiff had failed to exhaust his administrative remedies under the Federal Tort Claims Act and dismissed the claim. (Doc. 67, pp. 3-4; Doc. 68, p. 1.)

On March 4, 2016, Edinger filed another motion for reconsideration and sought to schedule an evidentiary hearing on whether Plaintiff exhausted his administrative remedies as to the remaining retaliation claim. (Doc. 69.) On March 23, 2016, Edinger moved to depose Plaintiff, which the court granted on the same day. (Docs. 72 & 73.) On April 12, 2016, the court granted the motion for reconsideration, set a June 6, 2016 date for an evidentiary hearing, and provided the parties with forty-five days to conduct discovery on the sole issue of exhaustion. (Doc. 77.)

On March 29, 2016, Edinger served a request for the production of documents regarding the administrative remedy forms Plaintiff had submitted. (Doc. 93-2, pp. 13-19 of 25.) On April 20, 2016, Plaintiff requested an extension of time for the production of documents (Doc. 84), which the court denied (Doc. 85). After Plaintiff failed to provide any documentation, Edinger sent a letter to Plaintiff requesting that he comply with the earlier request for the production of documents. (Doc. 93-2, pp. 20-21 of 25.) In a response dated May 8, 2016,

Plaintiff indicated that it was his belief that he was only required to produce the documents at his scheduled May 20, 2016 deposition. (Doc. 93-2, pp. 22-23 of 25.) In addition, Plaintiff stated in his letter that he believed he could produce any documentation obtained after his deposition at the evidentiary hearing. (*Id.*)

At the May 20, 2016 deposition, Plaintiff objected to the fact that there would not be an audiovisual recording. (*Id.* at pp. 6-7 of 25.) After invoking his Fifth Amendment right against self-incrimination, Plaintiff refused to answer any questions or provide any documentation. (*Id.* at pp. 7-9 of 25.) On May 25, 2016, Plaintiff filed a motion to add a supplemental brief to his motion for a protective order. (Doc. 89.) The following day, Plaintiff filed objections on the above grounds in a motion with the court. (Doc. 91.) On May 27, 2016, Edinger filed a motion for sanctions and a brief in support, arguing that Plaintiff's failures to comply with discovery prejudiced Edinger's exhaustion of administrative remedies defense. (Docs. 92 & 93.) On June 9, 2016, Plaintiff requested that the court treat his objections to his deposition as an "objection" to Edinger's motion for sanctions. (Doc. 98.) On the same day, Edinger filed a brief in opposition to Plaintiff's motion to file his objections to his deposition and motion to add a supplemental brief to his motion for a protective order. (Doc. 99.) On June 10, 2016, Plaintiff filed a reply brief arguing that Defendant's counsel and another attorney had unfairly questioned Plaintiff on the issue of the exhaustion of administrative

remedies in a May 2, 2016 deposition in an unrelated case. (Doc. 100.) Relying on the same grounds, Plaintiff also filed a motion for reconsideration of his motion for summary judgment. (Doc. 102.) The motions have been fully briefed and are ripe for disposition.

## II.      Legal Standard

Edinger moves to sanction Plaintiff pursuant to Federal Rules of Civil Procedure 37(d) and 41(b). If a party fails to attend his own deposition after being served with proper notice, the court may impose any sanction listed in Rule 37(b)(2)(A)(i)-(vii). Fed. R. Civ. P. 37(d)(3); *see also Washington v. Grace*, 533 F. App'x 68 (3d Cir. 2013) (affirming a district court order dismissing action brought by *pro se* inmate where the inmate, on two separate occasions, was physically present at his depositions but refused to answer questions addressed to him). When imposing a sanction, the court may issue "further just orders," including: "(1) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until the order is obeyed; (5) dismissing the action or proceeding in whole or in part; [or] (6) rendering a default judgment against the disobedient party." Fed. R. Civ. P.

37(b)(2)(A)(i)-(vi). The court may also "order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). In addition, Rule 41(b) allows for the dismissal of a complaint for failure "to prosecute or comply with these rules or a court order."

When considering dismissal under Rule 37 or 41, a court must balance the following factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Washington*, 533 F. App'x at 71-72 (discussing the application of *Poulis* factors in a Rule 37(d) motion); *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (applying *Poulis* factors to a court's dismissal under Rule 41). When balancing these factors, "no single *Poulis* factor is dispositive" and "not all of the *Poulis* factors need [to] be satisfied in order to dismiss a complaint." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013) (first quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d

Cir. 2003); and then quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). Nevertheless, "a district court's ability under Rule 41(b) [and Rule 37] 'to prevent undue delay and to achieve the orderly disposition of cases must be weighed against the policy of law which favors disposition of litigation on its merits.'" *Id.* (quoting *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir. 1974)). A "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Poulis*, 747 F.2d at 866 (quoting *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982)).

### III.    Discussion

In his brief in support of his motion for sanctions, Edinger submits that the court should impose sanctions on Plaintiff under Federal Rules of Civil Procedure 37(d) and 41(b) because: (1) Plaintiff's conduct was not substantially justified; (2) Plaintiff's conduct substantially prejudiced Edinger; and (3) Plaintiff's claim is not meritorious. (Doc. 93.) In his motion to file objections to his deposition, Plaintiff argues that his objection should be sustained because he risked incriminating himself and the deposition was fundamentally unfair.[2] (Doc. 91.) The court will address each party's arguments under the appropriate *Poulis* factor.

---

[2] Plaintiff's motion to add a supplemental brief to his motion for a protective order requests that the court order his deposition to be audiovisually recorded and limited to the sole issue of the exhaustion of administrative remedies. (Docs. 89 & 90.) These requests for additional relief were

7

## A.     Extent of the Party's Personal Responsibility

First, the court finds that Plaintiff bears complete personal responsibility for his refusal to comply with Edinger's discovery request and to answer any questions at his deposition. Because Plaintiff is "proceeding *pro se* . . . rather than through counsel, he is directly responsible for his conduct . . . , particularly his failure to comply with the rules of discovery." *Williams v. Sullivan*, Civ. No. 08-1210, 2011 WL 2119095, *6 (D.N.J. May 20, 2011) (citations omitted). Plaintiff argues that his Fifth Amendment privilege should apply because "he may incriminate hi[m]self, and the deposition was unfair, and partial." (Doc. 91, p. 1 of 5.) In order for a court to find that Fifth Amendment privilege applies, however, it must "be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot

---

not included in Plaintiff's original motion for a protective order (Doc. 75), upon which the court already issued a ruling (Doc. 78). Therefore, Plaintiff's motion to add a supplemental brief to his motion for a protective order will be denied as untimely.

    Plaintiff's motion for reconsideration of his motion for summary judgment argues that Defendant's deliberate misconduct forfeited his exhaustion of administrative remedies defense. (Doc. 102.) Fed. R. Civ. P. 59(e) requires a motion to reconsider to be filed "no later than 28 days after the entry of [final] judgment." After reviewing the procedural history, the court notes that Plaintiff's motion for summary judgment (Doc. 24) was listed on the docket as a brief in opposition to Defendant's motion to dismiss Plaintiff's complaint and/or a motion for summary judgment (Doc. 17). Plaintiff's arguments in his brief in support of his motion for summary judgment (Doc. 26), however, were reviewed by the magistrate judge (Doc. 56) and this court (Doc. 67) as a brief in opposition to Defendant's motion. In its memorandum, this court found that disputes surrounding Plaintiff's credibility created a genuine issue of material fact. (Doc. 67, p. 3.) To the extent that Plaintiff's motion for summary judgment was not ruled upon, the court will now deny it based upon the issue of Plaintiff's credibility. Regarding Plaintiff's motion for reconsideration, the court will also deny it because a final judgment has not been issued in this case.

be answered might be dangerous because injurious disclosure could result." *United States v. Matthews*, 327 F. Supp. 2d 527, 529 (E.D. Pa. 2004) (quoting *Hoffman v. United States*, 341 U.S. 479, 486-87 (1951)). According to the transcript of the aborted deposition, Plaintiff expressed his displeasure with the lack of audiovisual recording, and then invoked his Fifth Amendment privilege to simple questions to which there was no danger of self-incrimination, such as his date of birth and whether he had prior convictions. (Doc. 93-2, pp. 3-11 of 25.) Therefore, the court finds Plaintiff's Fifth Amendment objections to be meritless.

  Regarding Plaintiff's objections to the lack of an audiovisual recorder, Federal Rule of Civil Procedure 30(b)(3)(A) allows the "party who notices the deposition" to record the testimony by "audio, audiovisual, or stenographic means." Under subsection (b)(3)(B), Plaintiff, "with prior notice to the deponent and other parties," could have designated an additional method of recording the testimony if he bore its expense. Fed. R. Civ. P. 30(b)(3)(B). Plaintiff failed to request an additional method of recording prior to the deposition, however, and had no basis upon which to refuse to participate in the deposition merely because it was not audiovisually recorded.[3]

---

[3] Plaintiff also argues that he objected because he had been unfairly deposed by Defendant's counsel and another attorney on the issue of the exhaustion of administrative remedies on May 2, 2016. (Doc. 100.) Plaintiff failed to preserve the basis of this objection, however, at the deposition. Federal Rule of Civil Procedure 30(c)(2) requires that "[a]n objection at the time of the examination . . . must be noted on the record. . . . [and] stated concisely in a

9

Plaintiff also failed to comply with Edinger's request for production of documents under Federal Rule of Civil Procedure 34. Nowhere in the order denying Plaintiff's request for an extension of time for the production of documents did the court state that Plaintiff had until the date of the deposition or the date of the hearing to provide any documentation on the issue of administrative exhaustion. (Doc. 85.) As a result, Plaintiff was required to comply with Edinger's request for documents.

### B. Prejudice to the Adversary

Second, the court finds that Plaintiff's refusal to testify at his deposition and to respond to Edinger's request for production of documents prejudiced Edinger's defense. "[E]xhaustion of a claim in a *Bivens* action requires completion of the [Bureau of Prison]'s Administrative Remedy Program." *May v. Cash*, 592 F. App'x 67, 68 (3d Cir. 2015) (first citing *Porter v. Nussle*, 534 U.S. 516, 532 (2002); then citing *Nyhuis v. Reno*, 204 F.3d 65, 68, 77 n.12 (3d Cir. 2000); and then citing 28 C.F.R. §§ 542.13-542.15). To satisfy the requirements of exhaustion, "an inmate must first attempt to resolve an issue informally [in the time allowed], followed by submission of a form to the staff member designated to receive such grievances, and finally, an appeal to the Regional Director." *Id.* (citing 28 C.F.R. §§ 542.13-542.15). Here, Plaintiff's conduct prevented Edinger from gathering

---

nonargumentative and nonsuggestive manner." As a result, the court cannot consider this objection.

facts necessary to determine the basis of Plaintiff's opposition to Edinger's defense and thwarted Edinger's opportunity to inspect the originals or copies of the allegedly submitted documents.

### C. History of Dilatoriness

Third, although Plaintiff's conduct resulted in prejudice to Edinger, and may have been a dilatory tactic, Plaintiff has not demonstrated a history of dilatoriness. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response[s] to interrogatories, or consistent tardiness in complying with court orders." *Briscoe*, 538 F.3d at 260 (quoting *Adams v. Trustees of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994)). One or two instances of dilatory conduct, however, are "insufficient to demonstrate 'a history of dilatoriness.'" *Briscoe*, 538 F.3d at 260 (citing *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984)). Under these circumstances, Plaintiff's refusal to answer questions and produce the requested documentation does not establish a history of dilatory conduct.

### D. Whether the Conduct was Willful or in Bad Faith

With regard to the fourth *Poulis* factor, the court must consider if Plaintiff's conduct involves intentional and self-serving behavior, rather than behavior that is "merely negligent or inadvertent." *Briscoe*, 538 F.3d at 262 (citations omitted). As discussed under the first factor, Plaintiff, acting *pro se* and

11

relying on meritless grounds, refused to answer questions at his deposition and failed to provide Edinger with the requested documentation. As a result, the court concludes that Plaintiff engaged in willfully self-serving behavior.

### E. **Effectiveness of Sanctions other than Dismissal**

Fifth, Edinger requests several sanctions such as dismissal of the complaint, prohibiting Plaintiff from opposing the exhaustion of administrative remedies defense presented by Edinger, and the payment of attorney's fees and costs for the deposition. Before granting a dismissal, a court must consider alternative sanctions. *Poulis*, 747 F.2d at 868-69. Here, prohibiting Plaintiff from opposing Edinger's failure to exhaust administrative remedies defense would result in the defeat of Plaintiff's retaliation claim. In addition, because Plaintiff is currently incarcerated and proceeding *in forma pauperis*, Plaintiff does not possess the ability to pay any monetary sanctions. *See Briscoe*, 538 F.3d at 263. The court, however, may stay proceedings until the Plaintiff complies with the order. Fed. R. Civ. P. 37(b)(2)(A)(iv). Edinger has not articulated any reason why staying proceedings until Plaintiff complies with a discovery order would not serve as an appropriate sanction. After considering the severity of a dismissal, the policy in favor of addressing the merits of a claim, and Plaintiff's lack of a dilatory history, the court concludes that staying proceedings while Plaintiff complies with a discovery order would serve as an appropriate alternative to dismissal.

### F. Meritoriousness of the Claim

In regard to the sixth and final *Poulis* factor, "[a] claim . . . will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 869-70. Edinger argues that Plaintiff's claim lacks merit because it was not brought within the twenty day period following his stabbing as required by 28 C.F.R. § 542.14(a). The untimely filing, Edinger asserts, establishes Plaintiff's failure to exhaust his administrative remedies. However, Defendants made a similar argument in their motion to dismiss Plaintiff's complaint and/or a motion for summary judgment (Doc. 18, pp. 6-7 of 21), which the court rejected because it created an issue regarding Plaintiff's credibility (Doc. 67, p. 3), allowing Plaintiff's retaliation claim to proceed (Doc. 68). The court will adhere to its prior reasoning (Doc. 67, p. 3), and find that Plaintiff's claim is meritorious. Accordingly, this factor weighs against dismissal. *See Briscoe,* 538 F.3d at 263 (finding that plaintiff's claims had merit because they survived a motion for summary judgment); *Reigle v. Riesh*, 635 F. App'x 8, 11 (3d Cir. 2015) (finding that some of plaintiff's claims had merit because they survived a motion to dismiss).

### IV. Conclusion

After balancing the *Poulis* factors, this court concludes that Plaintiff, acting *pro se*, was personally responsible for engaging in willful behavior that

13

prejudiced Edinger's ability to comprehend the grounds upon which Plaintiff opposed the failure to exhaust administrative remedies defense. In this case, however, Plaintiff has not demonstrated a history of dilatory conduct and he possesses a meritorious retaliation claim. Under the fifth *Poulis* factor, staying proceedings until an order is satisfied is a viable alternative to dismissal. Furthermore, Plaintiff's compliance with such an order, when combined with a short extension of the discovery deadlines, would minimize or remove any prejudice that Edinger suffered. Therefore, although Plaintiff's actions merit the imposition of sanctions, they do not merit the dismissal of his claim.

Accordingly, the court will deny Plaintiff's motion to file objections to his deposition, motion to add a supplemental brief to his motion for a protective order, and motion for reconsideration of his motion for summary judgment, and will grant Edinger's motion for sanctions. Because dismissal is a drastic sanction, and in light of Plaintiff's inability to pay any expenses or costs associated with the aborted deposition, the court will order Plaintiff to comply with Edinger's request for the production of documents and to submit to another deposition.

An appropriate order will issue.

                                               s/Sylvia H. Rambo
                                               SYLVIA H. RAMBO
                                               United States District Judge

Dated: June 15, 2016