IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH A. BROWN,** | : Civil No. 1:14-cv-1133 |
| Plaintiff, | : |
| v. | : |
| | : **Magistrate Judge Saporito** |
| **MATT EDINGER, et al.,** | : |
| | : **Judge Sylvia H. Rambo** |
| Defendants. | : |

## **M E M O R A N D U M**

Before the court is a report and recommendation filed by the magistrate judge in which he recommends that judgment as a matter of law be granted to Defendant Matt Edinger on the ground that Plaintiff Joseph A. Brown failed to exhaust available administrative remedies provided by the Bureau of Prisons prior to filing his civil rights suit. For the reasons that follow, the report and recommendation will be adopted.

**I.   Background**

Brown alleges that, after he was exonerated from a staff assault charge, Edinger began systematically retaliating against him in July 2012, and refused to consider his request for a cell change due to his incompatibility with his cell mate. On July 28, 2012, he was stabbed by the cell mate, and the following week he requested a Bureau of Prisons BP-8 form from Edinger in order to initiate the prison grievance procedure. Edinger refused to provide him the form however,

which Brown claims effectively rendered his administrative remedies unavailable. 42 U.S.C. § 1997(a); *see also NyHuis v. Reno*, 204 F.3d 65, 68 (3d Cir. 2000).

On May, 2, 2017, the magistrate judge held a hearing to determine whether Edinger met his burden of showing that Brown failed to exhaust available administrative remedies. In the report and recommendation, the magistrate judge provides his findings and facts and conclusions of law based on the testimony presented at the hearing. The magistrate judge ultimately found that the testimony of Edinger and Keri Sorce, a paralegal specialist and administrative remedy clerk at USP-Lewisburg, was fully credible. On the other hand, he found Brown to be less than credible based on his demeanor and the inconsistencies in his testimony.

In his objections to the report and recommendation, Brown argues that the magistrate judge's credibility determinations were an abuse of discretion and a miscarriage of justice. (Doc. 145, p. 8.) He alleges that Edinger's testimony was flawed and tainted with inconsistencies and lies. (*Id*. at pp. 9-10.) As to Keri Sorce's testimony, he alleges that she was "very partial and unreliable." (*Id*. at p. 12.)

**II.    Discussion**

Brown testified at the hearing that he was familiar with the administrative remedy process. (N.T., Doc. 130, p. 5.) The first part of the process requires the BP-8 form to be filed within 20 days after the incident, which would have been on

or before August 17, 2012, since the incident occurred on July 28, 2012. However, the BP-8 form was not filed until November 20, 2012, *i.e.*, three months late. (*Id.* at p. 10.)

Throughout the evidentiary hearing, Brown admitted that he did not allege in any of his filings that he was denied a BP-8 form by Edinger. At one point, he agreed that he was not denied a BP-8 form but was instead denied BP-9s, 10s, and 11s. (*Id.* at p. 15.) However, these documents can be obtained from other inmates. (*Id.* at pp. 17-18.)

Edinger testified that he never denied Brown any administrative remedy form and that when an inmate requests a BP-8 form from a counselor, the counselor dates and signs the form. (*Id.*, p. 50.) If the issue presented in the BP-8 form cannot be informally resolved, the BP-8 form is given back to the counselor and entered into a BP-8 log book for further action. (*Id.* at p. 53.) The record reflects that Brown was provided with a BP-8 form on August 2, 2012, five days after the July 28, 2012 incident, yet the form did not raise any issue related to the incident. (*Id.* at p. 55.) This contradicts Brown's claim and testimony indicating that Edinger refused to provide him with a BP-8 form during the relevant time period. Edinger further testified that he gave a BP-8 form to Brown on November 20, 2012, but explained that there was no entry in the BP-8 log book because Brown did not submit the completed form to him. (*Id.*, p. 61.)

Keri Sorce testified as to her duties related to receiving administrative remedies. As the administrative remedy clerk, she has no responsibility with the BP-8 forms, but rather works with BP-9 forms. She testified that if a BP-9 form is not accompanied by a BP-8 form, the BP-9 will be rejected. The only way she would know if an inmate completed the BP-8 requirement is if the BP-8 form is attached to the BP-9 form. (*Id*., p. 84.)

Sorce did refute Brown's allegations that he was denied BP-9s, 10s and 11s from November 20, 2012 through March 22, 2013. The administrative remedy Generalized Retrieval Report shows that a BP-10 forms were filed by Brown on November 23, 2012, December 5, 2012, and January 18, 2013. BP-11 forms were filed by him on January 22, 2013 and February 25, 2013. (*Id*., pp. 78-80.)

Sorce was cross-examined by Brown as to her opinion that the administrative remedy form for Remedy I.D. 710674-R1 was fraudulent. There is nothing in the cross-examination that lessens the suspicion that Remedy I.D. 710674-R1 did not have a stamp affixed to it by the remedy clerk at the regional level and that the second page did not reference the appropriate case number, which leaves doubt as to whether that administrative remedy was ever received by the regional office. (*Id*., p. 83.) This testimony casts doubt on Edinger's veracity.

4

### III. **Conclusion**

Based on the testimony at the hearing on May 2, 2017, and the record as a whole, the court finds that the magistrate judge's findings of fact and conclusions of law are adequately supported. The report and recommendation will be adopted.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: December 27, 2017